IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG, | CASE No. 1:10-cv-02070-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| vs. | |
| ROBERT MOBERT, | (ECF No. 23) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| _____/ | |

**I.     PROCEDURAL HISTORY**

Plaintiff Victory Ilsung, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 8, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened the First Amended Complaint and ordered service as to cognizable claims for First Amendment retaliation and Eighth Amendment medical indifference against Defendant Mobert. (ECF No. 14.) On August 3, 2012, Defendant Mobert filed a Motion to Dismiss the Eighth Amendment claim pursuant to Fed. R. Civ.

-1-

P. 12(b) on grounds Plaintiff failed to exhaust administrative remedies. (Mot. Dismiss., ECF No. 23.) Therein Defendant notified Plaintiff of his rights, obligations and methods for opposing the Motion to Dismiss pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed Opposition to the Motion to Dismiss on October 15, 2012. (Opp'n to Mot. Dismiss.,ECF No. 29.) On October 23, 2012, Defendant filed a Reply to the Opposition. (Reply to Opp'n, ECF No. 30.) On November 13, 2012, Plaintiff filed a purported response to Defendant's reply.[1] (Resp. to Reply, ECF No. 31.) The Motion to Dismiss is now ready for ruling.

## II.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff, an inmate at the California Substance Abuse Treatment Facility and State Prison at Corcoran ("SATF"), requires dialysis and has a medical chrono for ice chips to be provided three times a day. Defendant Mobert is a correctional officer at SATF. Defendant Mobert deliberately refused to provide Plaintiff with medical ice during June-September 2009 notwithstanding knowledge that Plaintiff's medical chono required the ice; Plaintiff would become extremely ill without the ice; and his supervisor had ordered Mobert to provide the ice.

Plaintiff's inmate appeal relating to the denial of ice was granted. Defendant Mobert retaliated by continued refusal to allow delivery of the ice and by following Plaintiff to re-assigned housing and repeatedly searching his cell and confiscating and destroying his personal property. Mobert told Plaintiff he was doing so because Plaintiff "wrote him [] up". Plaintiff filed a further grievance which resulted in a finding of staff misconduct.

Plaintiff seeks unspecified injunctive relief, monetary damages, costs and fees.

## III.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be

---

[1] Plaintiff's surreply is unauthorized and is not considered by the Court.

brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative remedies is necessary," and "demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

      The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).

      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 215; Wyatt, 315 F.3d at 1119. The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment

motion. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## IV.     ARGUMENTS

### A.     Defendant's Moving Argument

Plaintiff, who submitted twenty-three appeals during the period June 1, 2009 through April 10, 2012, did not obtain a third level decision on his Eighth Amendment medical ice claim.

He filed only three grievances relating to deprivation of medical ice, none of which was exhausted at the third level.

More specifically:

Appeal No. 09-02406 filed on July 17, 2009, alleged staff misconduct concerning medical ice and retaliatory failure to properly handle Plaintiff's laundry. This Appeal was granted in part at the Second Level, such that an investigation was conducted finding no staff violation of CDCR policy. This Appeal was not exhausted at the third level. An appeal decision regarding only staff misconduct does not exhaust as to any direct relief sought in the Appeal.

Appeal No. 09-02441 filed on July 21, 2009, alleged ADA deprivation of three-times-a-day medical ice, denial of sheet exchange, and a request for different housing. This Appeal was granted in part at the first level, that "[Plaintiff] will receive [his] ice chips as prescribed and [instructing Plaintiff] on when to have [his] sheets ready for exchange." (First Am. Compl. Ex. B at 28.) The request for housing change was not granted at or appealed beyond the first level.

A purported Appeal was filed on July 22, 2009, concerning ice chips. This Appeal was screened out as duplicative of the above two Appeals, and not exhausted. Woodford, 548 U.S. at 83-84.

Accordingly, Plaintiff did not exhaust at the third level any appeal concerning medical ice. (Zamora Decl. at ¶¶ 5-6; Lozano Decl. at ¶¶ 3-11.)

### B. Plaintiff's Opposition Argument

Plaintiff mailed Appeal No. 09-02406 to the third level on October 13, 2009, but received no response because third level employees are working with Defendant Mobert to interfere with Plaintiff's appeal rights.

Thus Plaintiff was prevented from exhausting Appeal No. 09-02406 at the third level.  He exhausted all appeal remedies available to him.

### C. Defendant's Reply Argument

Plaintiff concedes he failed to obtain a third level decision on his Eighth Amendment medical ice claim. He fails to provide facts supporting his contention he mailed Appeal No. 09-02406 for third level review.

Plaintiff  provides no facts supporting his contention that third level review staff interfered with his Appeal No. 09-02406. Moreover, Plaintiff's successful submission of an appeal for third level review in January 2010 belies the alleged staff interference.

Plaintiff may have completed the purported third level appeal request attached as Exhibit 1 to his Opposition only after the fact and in response to the instant motion.

## V. ANALYSIS

Defendant argues the Appeals that included a medical ice claim were not exhausted at the third level and that any Appeal decision regarding only staff misconduct does not exhaust as to any direct relief sought.

After carefully reviewing the record, the undersigned concludes Defendant's Motion should be denied. Plaintiff's medical ice appeal was granted, providing him with

all relief sought therein and exhausting administrative remedies on that claim.

### A.     **Plaintiff's Appeal for Three Times-A-Day Ice Chips Granted**

Plaintiff's Appeal No. 09–02441, which alleged denial of ice chips three times a day as prescribed, and denial of sheet exchange, was granted at the first level as to three times-a-day ice chips. (First Am. Compl., Ex. B at 28.) This fully satisfied Plaintiff's ice chips claim, which is the basis for his Eighth Amendment claim in this action.

The court rejects Defendant's argument that a third level appeal response is necessary to satisfy the exhaustion requirement and the mere absence of a third level response entitles him to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.")

An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies. Nor is it the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.").

Plaintiff, having received all relief he sought as to medical ice chips, the administrative process allowed for no further relief. Booth, 532 U.S. at 741.

The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution," Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). This Plaintiff accomplished to the point of complete resolution of his medical ice claim.

The Court need not, and does not reach the balance of the arguments presented and expresses no opinion thereon.

////////

## VI. CONCLUSIONS AND RECOMMENDATION

Plaintiff's appeal seeking three times-a-day medical ice was granted at the first level of review. Defendant has not carried his burden of establishing Plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) on the Eighth Amendment medical ice claim.

Accordingly, for the reasons stated above the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 23) be DENIED. These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 1, 2013                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE