**IN THE UNITED STATES DISTRICT COURT FOR THE**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victory Ilsung,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Robert Mobert,<br><br>　　　　Defendant. | Case No. 1:10-cv-02070-AWI-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 34) |

  Plaintiff Victory Ilsung, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 8, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court screened the First Amended Complaint and ordered service as to cognizable claims for First Amendment retaliation and Eighth Amendment medical indifference against Defendant Mobert. (ECF No. 14.) On August 3, 2012, Defendant Mobert filed a Motion to Dismiss the Eighth Amendment claim pursuant to Fed. R. Civ. P. 12(b) on grounds Plaintiff failed to exhaust administrative remedies. (ECF No. 23.) The Court adopted Findings and Recommendations denying Defendant's Motion to Dismiss on March 22, 2013. (ECF No. 33.)

  Pending before the Court is Plaintiff's Motion Requesting Appointed Attorney. (ECF No. 34.)

  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154

1  F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent
2  Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the
3  Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional
4  circumstances the Court may request the voluntary assistance of counsel pursuant to
5  section 1915(e)(1). Rand, 113 F.3d at 1525.

6  Without a reasonable method of securing and compensating counsel, the Court will
7  seek volunteer counsel only in the most serious and exceptional cases. In determining
8  whether "exceptional circumstances exist, the district court must evaluate both the
9  likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her
10 claims pro se in light of the complexity of the legal issues involved." Id. Neither of these
11 factors is dispositive and both must be viewed together before reaching a decision on
12 request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
13 Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

14 The burden of demonstrating exceptional circumstances is on the Plaintiff. See
15 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
16 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x
17 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.
18 Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x
19 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
20 appoint counsel under 28 U.S.C. § 1915(e)(1).").

21 In the present case, the Court does not find the required exceptional circumstances.
22 Even if it is assumed that Plaintiff is not well versed in the law and that he has made
23 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases almost daily. Further, Defendant Mobert has not yet
25 filed a response. The Court can not make a determination at this early stage of the litigation
26 that Plaintiff is likely to succeed on the merits. The retaliation and medical indifference
27 claims in issue does not appear to be novel or unduly complex. The facts alleged to date
28 appear straightforward and unlikely to involve extensive investigation and discovery.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing. At present, the Court is unable to find that, even considering Plaintiff's diabetic condition and dialysis treatments, he is unable adequately to articulate his claims.

Finally, nothing suggests that Plaintiff has made diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure counsel would be futile.

For the foregoing reasons, Plaintiff's Motion Requesting Appointed Attorney (ECF No. 34) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   March 25, 2013            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. January 11, 2011) (cases cited).

3