# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERT MOBERT,<br><br>      Defendants. | Case No. 1:10-cv-02070-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 45)** |

      Plaintiff Victory Ilsung, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on retaliation and medical indifference claims against Defendant Mobert. The deadline to complete discovery is February 21, 2014. The deadline to file dispositive motions is May 1, 2014. On March 26, 2013, Plaintiff's Motion to Appoint Counsel was denied without prejudice. (ECF No. 35.)

      Before the Court is Plaintiff's Motion for Reconsideration of the Order Denying Appointment of Counsel. (ECF No. 45.)

**I.    LEGAL STANDARD**

1

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II. ANALYSIS

Plaintiff argued in his underlying Motion to Appoint Counsel that his medical condition and status as a dialysis patient necessitated appointment of counsel. The Court denied the Motion without prejudice, finding that Plaintiff had not demonstrated the required "exceptional circumstances", that "papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing", that "even considering Plaintiff's diabetic condition and dialysis treatments, he is [able] adequately to articulate his claims", and that "nothing suggests that Plaintiff has made diligent effort to secure counsel." (Order Den. Mot., ECF No. 35, at 2:21, 3:1-5.)

Plaintiff argues in his Motion for Reconsideration that he requires assistance of counsel because he cannot afford counsel, that issues are complex and will likely involve conflicting testimony, that he has limited access to the law library, and that he may be asked questions during deposition that could be used against him in a later criminal prosecution.

Plaintiff does not identify any error of law or fact in the Court's previous order.

Plaintiff's new reasons why counsel should be appointed are not sufficient as exceptional circumstances for appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.

2

1  § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490
2  U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the
3  voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.
4  However, without a reasonable method of securing and compensating counsel, the Court
5  will seek volunteer counsel only in the most serious and exceptional cases. In determining
6  whether "exceptional circumstances exist, the district court must evaluate both the
7  likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her
8  claims pro se in light of the complexity of the legal issues involved." Id. Neither of these
9  factors is dispositive and both must be viewed together before reaching a decision on
10 request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
11 Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

12    The burden of demonstrating exceptional circumstances is on the Plaintiff. See
13 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
14 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x
15 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.
16 Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x
17 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
18 appoint counsel under 28 U.S.C. § 1915(e)(1).").

19    In the present case, the Court does not find the required exceptional circumstances.
20 The Court cannot make a determination at this stage of the litigation that Plaintiff is likely to
21 succeed on the merits. The claims alleged do not appear to be novel or unduly complex.
22 The facts alleged to date appear straightforward and unlikely to involve any extensive
23 investigation and discovery.

24    Even if it is assumed that Plaintiff is not well versed in the law and that he has made
25 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
26 This Court is faced with similar cases almost daily.

27    The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
28 and standards relating to retaliation and medical indifference and an ability to express

same adequately in writing. The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

### III. ORDER

For the reasons stated above, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Order Denying Appointment of Counsel (ECF No. 45) is DENIED.

IT IS SO ORDERED.

Dated: February 18, 2014        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

:

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, at *3–4 (S.D. Cal. 2011) (cases cited).

4