# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT MOBERT,<br><br>    Defendants. | Case No. 1:10-cv-02070-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 45)** |

Plaintiff Victory Ilsung, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on retaliation and medical indifference claims against Defendant Mobert.

On March 26, 2013, Plaintiff's motion to appoint counsel was denied without prejudice. (ECF No. 35.) On February 14, 2014, Plaintiff sought reconsideration and/or appointment of counsel. (ECF No. 45.) On February 19, 2014, the Court denied reconsideration of the March 26, 2013 order. (ECF No. 46.)

Before the Court is Plaintiff's February 14, 2014 motion for appointment of counsel. He asserts counsel should be appointed because: he lacks funds to retain private counsel, the case is complex and requires investigation and discovery, he has limited education and

1

knowledge of the law and library access, trial will likely involve conflicting evidence, and he may give testimony which might later be used against him in a criminal prosecution.

## I.   LEGAL STANDARD

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

## II.   APPOINTMENT OF COUNSEL DENIED

There are not exceptional circumstances supporting appointment of counsel. The Court cannot make a determination at this stage of the litigation that Plaintiff is likely to

succeed on the merits. The claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any extensive investigation and discovery. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards relating to retaliation and medical indifference and an ability to express same adequately in writing. The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel. His lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.[1]

### III.   ORDER

For the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 45) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   May 6, 2014            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).