# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MOBERT,<br><br>Defendant. | Case No. 1:10-cv-02070-AWI-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S SUMMARY JUDGMENT MOTION, (2) REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION, and (3) EXTENDING TIME TO FILE OPPOSITION**<br><br>(ECF No. 52)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>**CLERK TO PROVIDE COPY OF THIS ORDER VIA FACSIMILE TO THE LITIGATION COORDINATOR – SATF/CORCORAN STATE PRISON** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on retaliation and medical

1

1  indifference claims against Defendant Mobert.

2  On May 1, 2014, Defendant filed a motion for summary judgment (ECF No. 49).
3  Plaintiff's opposition or statement of non-opposition was due by not later than May 26,
4  2014. Local Rule 230(*l*).

5  On June 2, 2014, Plaintiff filed a motion seeking dismissal of Defendant's motion for
6  summary judgment on the ground that Plaintiff had been unable to obtain a declaration of
7  inmate witness Donald Norwood in opposition to the motion. (See ECF No. 52.)

8   Plaintiff's motion is not a proper opposition to summary judgment. It might be read
9  at least  inferentially to request additional time to file opposition.  Accordingly, The Court will
10 give plaintiff one further, thirty day, opportunity to respond properly to Defendant's motion.
11 A failure to respond within that time with persuasive law and evidence in opposition to the
12 motion could result in the Court granting the motion. The court cannot continue to delay the
13 proceeding while Plaintiff seeks evidence that presumably has been available to him since
14 he first initiated the lawsuit.

15 To assist Plaintiff in complying with this Order, the rules applicable to responding to
16 motions for summary judgment are summarized below:

17 The Defendant's motion for summary judgment under Rule 56 of the Federal Rules
18 of Civil Procedure seeks to have Plaintiff's case dismissed. If the motion is granted, it will
19 end the case.

20 Rule 56 sets forth what one must do to oppose a motion for summary judgment.
21 Generally, summary judgment must be granted when there is no genuine issue of material
22 fact -- that is, if there is no real dispute about any fact that would affect the result of the
23 case -- and the party who asked for summary judgment is entitled to judgment as a matter
24 of law. When a party being sued makes a motion for summary judgment that is properly
25 supported by declarations (or other sworn testimony), the plaintiff cannot simply rely on
26 what his complaint says. Instead, he must set out specific facts in declarations, depositions,
27 answers to interrogatories, or authenticated documents, as provided in Rule [56(c)], that
28 contradict the facts shown in the defendant's declarations and documents and show that

there is a genuine issue of material fact for trial. If plaintiff does not submit evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, his case will be dismissed without trial.

In accordance with Local Rule 260(a), Defendant has here filed a Statement of Undisputed Facts that contains discrete, specific material facts to support his entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." Local Rule 260(b). You are responsible for filing all evidentiary documents cited in the opposing papers. Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

**ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to dismiss Defendant's motion for summary judgment (ECF No. 52) is DENIED,

2. Plaintiff shall file his opposition or statement of non-opposition to Defendant's motion for summary judgment within thirty (30) days from service of this Order,

3. The Clerk is directed to provide a copy of this Order to the Litigation Coordinator - SATF/Corcoran State Prison via facsimile at (559) 992-7191,

4. **The Court requests the Litigation Coordinator reasonably assist Plaintiff in communicating with Corcoran State Prison inmate Donald Norwood, V-98639, for purposes of opposing Defendant's motion**,

5. The failure of Plaintiff to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:  June 5, 2014                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE